IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH ANTHONY REYNA, § | |
| INDIVIDUALLY AND ON BEHALF OF § | |
| JOECAT LLC AND DREAMS OVER § | |
| DOLLARS FOUNDATION, § | |
|         Plaintiff, § | A-25-CV-1105-ADA-ML |
| V. § | |
| § | |
| TEXAS MEDICAL LIABILITY TRUST § | |
| (TMLT), § | |
|         Defendant. § | |

ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

    **I.**    **REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. §

1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed with prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendant should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendant.

## II.   STANDARD OF REVIEW

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield,

for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.     REVIEW OF THE MERITS OF THE CLAIM

Plaintiff states he "is an ADA-qualified individual with ADD." Dkt. 1 (Compl.) at 2. He also states he is the founder of the non-profit Dreams Over Dollars Foundation and owner of JoeCat LLC. *Id*. He states Defendant Texas Medical Liability Trust ("TMLT") is a "physician-owned insurer . . . controlling malpractice coverage and risk policies for [a] provider network." *Id*. at 3.

Plaintiff asserts a variety of state and federal claims related claims, seemingly related to an inability to refill prescription medication due to a prescription shortage. He states TMLT "oversaw a provider network that deployed a 'simulated-care loop': automated or ghosted follow-ups, false referrals, repetitive 'med-check' fees, and five (5) unmonitored SMS prompts after Plaintiff revoked consent—all while medication was nationally short." *Id*. at 2. Plaintiff alleges that TMLT provided "malpractice coverage and risk policies for the provider network that obstructed Plaintiff's medication access." *Id*. at 3. Plaintiff states that he "paid out-of-pocket for emergency psychological visits, lost employment, became unhoused, and suffered trademark and nonprofit harm." *Id*. at 2. Plaintiff alleges that in May 2023- January 2025, "TMLT-insured clinic bills $ [] for 'med-checks,' then cancels refill." *Id*. at 3. He seeks "$25 k economic" damages, "$100 k emotional" damages, and "$250 k punitive" damages. *Id*. at 5. Alternatively, he seeks a donation of "$500 k to Dreams Over Dollars Foundation in lieu of trial." *Id*. at 5.

At most, Plaintiff appears to be suing TMLT for the acts of its insureds. *See* Compl. at 3 (describing acts of "TMLT-insured clinic"); at 2 (TMLT "oversaw a provider network that deployed a 'simulated-care loop'"); at 3 (TMLT provided "malpractice coverage and risk policies

for the provider network that obstructed Plaintiff's medication access"). Although Plaintiff describes hardships he suffered due to the medication shortage, he does not describe any actions TMLT took that caused those hardships. He does not describe any relationship he has with TMLT. He does not claim he is insured by TMLT. In short, he does not describe any facts that could support a claim he has against TMLT. FED. R. CIV. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007).

Accordingly, the undersigned recommends that Reyna's Complaint be dismissed with prejudice.

### IV.     MOTION FOR JUDICIAL NOTICE

Plaintiff also asks the court to take judicial notice of various facts, including that he is an IRS whistleblower, and OSHA complaint in which the complaint ID number is redacted, FDA and DEA bulletins acknowledging medical shortages, the IRS designation of his non-profit, and a USPTO trademark registration. Dkt. 1 at 6-7. The court denies the motion.

### V.     MOTION FOR CONDITIONAL APPOINTMENT OF COUNSEL

Reyna asks, if this matter proceeds beyond threshold motions or advance to discovery, that counsel be appointed on his behalf. As the undersigned recommends this case be dismissed, this motion is dismissed as moot.

### VI.     MOTION FOR ELECTRONIC FILING ACCESS

Reyna also requests permission for access to electronic filing. As the undersigned recommends this case be dismissed, this motion is denied.

### VII.     ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). The Magistrate Judge **DENIES** Reyna's motion for judicial notice,

**DISMISSES** Reyna's motion for appointment of counsel, and **DENIES** Reyna's motion for electronic filing.

The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITH PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

**VIII.     WARNING**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED July 29, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE